**UNITED STATES of America, Plaintiff,**

v.

**Donald Conrad THOMAS, a.k.a. Dee, a.k.a. D.C., Defendant.**

**Criminal Action No. 3:97–CR–17–01.**

United States District Court, N.D. West Virginia.

Sept. 11, 1997.

**772**

### *ORDER AFFIRMING MAGISTRATE JUDGE'S DISQUALIFICATION RULING*

BROADWATER, District Judge.

On the 9th day of September, 1997, the above-styled matter came before the Court for consideration, among other issues, the appeal of Magistrate Judge Seibert's Order disqualifying defendant's court appointed counsel, John C. Floyd, III, entered on September 4, 1997. The defendant appeared in person and by his court appointed counsel, John C. Floyd, III, and David G. Joel, local counsel. The United States of America appeared by Assistant United States Attorney Thomas Mucklow. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), this disqualification motion was referred to the Magistrate Judge for consideration by Order of this Court entered on August 5, 1997.

Whereupon the Court then considered the defendant's motion and memorandum in support thereof as well as oral argument by both the Assistant United States Attorney in opposition thereto and Mr. Floyd in support thereof. Based upon the matters set forth in Magistrate Judge Seibert's eight (8) page Order Granting Motion To Disqualify Counsel For Defendant, entered on September 4, 1997, which is incorporated herein by reference, being reprinted as an addendum following this Order, and based upon the reasons set forth below, the Court concludes that the Magistrate Judge's Order granting motion to disqualify should be sustained and that the defense counsel's appeal of this ruling be denied.

Defense counsel John C. Floyd, III, represents the defendant herein, Donald Conrad Thomas, one of several co-defendants in an indictment alleging a conspiracy to distribute crack cocaine. One of the co-defendant's is Donald's brother, Gerard Thomas. Mr. Floyd has also represented Gerard Thomas in an unrelated civil case and other matters not of record which Mr. Floyd asserted were privileged.

Mr. Floyd also currently represents a third brother, Gregory Thomas, in a pending United States District Court for the District of Columbia criminal action. This criminal action also concerns a conspiracy to distribute crack cocaine. The Assistant United States Attorney here characterized both charges as being one big conspiracy to distribute crack cocaine.

Before Magistrate Judge Seibert, Drug Task Force Officer Catlett stated that two

former District of Columbia police officers, who were former co-defendant's in Gregory Thomas' District of Columbia case, revealed to him that on at least one occasion they observed Donald and Gregory purchasing cocaine from Leon Williams in Maryland, apparently in furtherance of this one big conspiracy. Donald and Gregory are then alleged to have divided the cocaine.

Additionally, Mr. Floyd previously maintained that Donald Thomas was not mentally competent to stand trial. In opposition to the government's psychological reports, Mr. Floyd presented the testimony of a psychiatrist to substantiate Donald Thomas' current mental incompetency. As well, Mr. Floyd has also filed a notice of insanity defense for trial.

■ The Court concludes that the Magistrate Judge correctly announced the applicable standard. Whether an actual conflict exists or just a potential conflict that may become an actual conflict at trial exists, the District Court has substantial latitude in refusing waivers of conflict of interest. *Wheat v. U.S.*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). The District Court must exercise its own judgment whether proceedings will have requisite integrity and must have sufficient broad discretion without fear that it is setting itself up for reversal on appeal either on right to counsel grounds or assistance grounds, if it permits a conflict-infected representation of the defendant. *United States v. Williams*, 81 F.3d 1321 (4th Cir.1996).

■ The Court concludes an actual conflict of interest exists as found by the Magistrate Judge. This concerns Mr. Floyd's continued representation of Gregory in the District of Columbia. As well, a potential conflict may exist as to Mr. Floyd's representation of Gerard, a co-defendant herein, in matters not of record which are asserted to be privileged.

Mr. Floyd has also informed both the District Court in D.C. and Magistrate Judge Seibert that this Court previously found no conflict concerning Mr. Floyd's prior representation of Gerard. There is no written order or transcript ruling in this criminal case which confirms this alleged finding. Other than the Assistant United States Attorney Mucklow's statement at the July 15, 1997 hearing that he would file a motion to disqualify, today's hearing was the only time those matters were presented to this Court for consideration.

At the request of Mr. Floyd, the Court will continue the trial date herein for thirty (30) days to allow counsel to prepare an appeal or extraordinary writ to the Fourth Circuit Court of Appeals.

The Court, therefore, **ORDERS** that the Magistrate Judge's ruling of September 4, 1997, granting the motion to disqualify John C. Floyd, III's representation of the defendant, Donald Conrad Thomas, is sustained and that the defendant's appeal of this ruling be **DENIED.**

### ORDER GRANTING MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT

SEIBERT, United States Magistrate Judge.

On August 27, 1997, came the United States of America by Robert H. McWilliams, Jr., Assistant United States Attorney, and the Defendant, Donald Conrad Thomas, in person and by John C. Floyd, III and David J. Joel, his counsel, for a hearing on the government's motion to disqualify Mr. Floyd as counsel for Defendant.

#### I. *Introduction*

A. *Background.* Defendant Donald Conrad Thomas was one of five defendants indicted October 10, 1996 in a six-count indictment related to distribution of "crack" cocaine. After preliminary matters were begun, including rulings on various motions, the grand jury returned a new indictment on April 10, 1997, and thereafter at the government's request, the original indictment was dismissed without prejudice. The new indictment also related to the distribution of "crack" cocaine and contained thirteen counts. Defendant Donald Conrad Thomas is charged in Count One, the conspiracy count, as well as the twelve other counts.

B. *Motion to Disqualify Counsel for Defendant.*

C. *Decision.* The motion to disqualify is granted because both actual and potential conflicts require disqualification of Defendant's counsel to have proceedings in this case have the constitutionally requisite integrity.

## II. *Facts*

The evidence consists of the testimony of Officer Timothy Catlett and the Defendant; the affidavits of Defendant's counsel, John C. Floyd III; Gregory Thomas and Defendant; and the statements of Mr. Floyd and David Joel, local counsel for Defendant. In addition, a copy of the D.C. superseding indictment was admitted as an exhibit.

Donald, Gregory and Gerard Thomas are brothers. To try to avoid confusion, Donald will be referred to herein as Defendant, and Gregory and Gerard by their first names.

The history of the indictment is stated above. Both Defendant and Gerard are defendants in this indictment. Defendant has been represented in this indictment from the beginning by Mr. Floyd. Mr. Joel is local counsel.

Mr. Floyd represented Gregory in the D.C. indictment until he was disqualified by Memorandum, Opinion and Order filed August 15, 1997 by the Honorable Paul Friedman, United States District Judge. Mr. Floyd advised that he is seeking to overturn this decision by mandamus action in the D.C. Court of Appeals at Gregory's request. On September 3, 1997, Judge Friedman vacated his previous Order disqualifying Mr. Floyd.

Officer Catlett testified his investigation of Defendant's case, specifically interviews with two former D.C. police officers who were originally co-defendants of Gregory's, revealed that on at least one occasion, they observed Defendant and Gregory purchasing cocaine from one Leon Williams of the State of Maryland, which cocaine was divided 80% for Defendant 20% for Gregory. Officer Catlett also testified that Gerard dealt small amounts of cocaine for both Defendant and Gregory.

Mr. Floyd attempted to establish by cross-examination that the government's investigation in this matter would show Defendant was supplied with cocaine from Guyana through New York and not through Maryland.

Defendant testified that he is 27 years old, with a high school education. He speaks easily and communicates clearly. He indicated that he understands that if sentenced as a career offender he faces life imprisonment. He indicated he understood the potential conflict of Mr. Floyd and expressly waives the same. Defendant's affidavit is to similar effect except to add that Mr. Floyd is the family lawyer.

It must be noted that Defendant appeared to be attentive, alert and carefully following this entire proceeding. In all previous appearances before me Defendant sat with hands folded, head bowed, never looking up or speaking, even to his counsel.

Mr. Joel advised he reviewed the motion to disqualify and its alleged basis with Defendant. Mr. Joel believes there is no conflict, but that if there is, that Defendant knowingly and intelligently waives such conflict. Mr. Joel further stated that the D.C. District Court order disqualifying Mr. Floyd in that case, removes any potential conflict in this case.

Mr. Floyd advised there are three brothers: Defendant, Gregory and Gerard. Mr. Floyd said he has represented Defendant in various criminal matters since the late 80s or early 90s. He represented Gregory only in the current D.C. drug case and Gerard *of record* in a Maryland paternity action. He has represented Gerard in other matters not of record which Mr. Floyd asserted are privileged. He represented the mother of these three men in a matter with a telephone company, related to a wiretap of her telephone some time ago.

Mr. Floyd's affidavit alleges no conflict exists, that both clients want him to represent them and that Judge Broadwater found no conflict concerning his prior representation of Gerard. However, there is no order nor transcript which confirms this allegation of a finding of no conflict by Judge Broadwater.

Mr. Floyd has filed a notice of an insanity defense, but says it has no bearing on Defendant's ability to waive any conflict of interest.

Both this indictment and the D.C. indictment allege distribution of cocaine and contain conspiracy and specific distribution accounts. The time of the West Virginia conspiracy is alleged to be January of 1990 to April of 1997.

The time of the D.C. conspiracy is alleged to be June of 1996 to March of 1997.

### III. *Motion to Disqualify Counsel for Defendant*

A. *Contentions of the Parties.* The government contends that Mr. Floyd has an actual conflict of interest representing Defendant and Gregory because both were involved in concurrent drug transactions with the same supplier. The government further claims that Mr. Floyd's disqualification by the D.C. Court does not cure this conflict.

Defendant contends there is no actual conflict of interest because the West Virginia and D.C. indictments are separate drug cases involving separate suppliers, people, geographical areas and times. Further, even if a conflict exists, Defendant has waived it. Finally, Defendant contends the disqualification of Mr. Floyd in the D.C. case removes any conflict in this case. This final argument is no longer applicable since Judge Friedman vacated his Order disqualifying Mr. Floyd.

B. *The Standards.* Whether an actual conflict exists or just a potential conflict that may become an actual conflict at trial exists, district court has substantial latitude in refusing waivers of conflict of interests. *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). District Court must exercise its own judgment whether proceedings will have requisite integrity and must have sufficient broad discretion without fear that it is setting itself up for reversal on appeal either on right to counsel grounds if it disqualifies defendant's chosen lawyer, or on ineffective assistance grounds if it permits a conflict-infected representation of defendant. *United States v. Williams,* 81 F.3d 1321 (4th Cir., 1996).

C. *Decision.* First, based upon his testimony and appearance, and notwithstanding his previous appearances in my courtroom and claim of insanity, I find that Defendant understands the potential conflicts in this matter and has chosen to waive his right to conflict-free counsel.

The second issue is whether or not there is an actual conflict of interest. The testimony of Officer Catlett is that on at least one occasion Defendant and Gregory bought cocaine from the same supplier. Counsel for Defendant argues the conspiracies cover different periods and this is after acquired evidence. The issue is whether or not there will be evidence involving both Defendant and Gregory which will force Mr. Floyd to choose between his clients when cross-examining. For example, if government witness testifies that Defendant and Gregory divided a cocaine shipment 80–20, does Mr. Floyd attempt to reverse the ratio to help Defendant or confirm the ratio to help Gregory? Now that Mr. Floyd is still representing Gregory, can he use information from Gregory to help Donald and hurt Gregory and isn't Mr. Floyd still in a position of divided loyalty? Also troubling is Mr. Floyd's statement that he has represented Gerard in matters not of record which are privileged. Doesn't that present a serious potential conflict that could arise at the trial since Defendant and Gerard are co-defendants in this case?

This is a dilemma. Defendant wants Mr. Floyd. To me, Mr. Floyd clearly has an actual conflict with Gregory and a potential conflict with Gerard. Should Defendant's right to choose his counsel supersede his right to effective assistance of counsel?

If I allow Mr. Floyd to continue to represent Defendant, and Defendant is convicted and gets a life sentence, Defendant will file a claim of ineffective assistance of counsel because of the actual and potential conflicts. It appears to me that the best choice to preserve the integrity of the system is to disqualify Mr. Floyd so that no question of divided loyalty can later be raised in a subsequent ineffective assistance of counsel claim by Defendant. It also appears to me that Defendant cannot possibly get representation which is concerned only with his best interest so long as Mr. Floyd represents both Defendant and Gregory. While it is Defendant's

potential for life imprisonment on the line and his wishes should normally be granted, if possible, there is so much conflict here that it cannot be in Defendant's best interest to be represented by Mr. Floyd.

D. *Decision.* For the foregoing reasons, the Motion to Disqualify Counsel is GRANT-ED.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Craig W. Broadwater, United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order. 28 U.S.C. § 636(b)(1); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984), *cer. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

The Clerk of the Court is directed to mail a copy of this Order to counsel of record.

Sept. 4, 1997.